UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH and GINA DESPAIN, husband and wife, and JARED TIMMONS, a single man<br><br>Plaintiffs,<br><br>v.<br><br>UNIGARD INSURANCE COMPANY, and A,B,C,D, and E, individuals, and X, Y, and Z, Corporations<br><br>Defendants. | Case No. 4:14-cv-184-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it plaintiffs' motion for joinder and defendant's motion to strike or file sur-reply brief. The motions are fully briefed and at issue. For the reasons explained below, the Court will (1) grant the motion for joinder; (2) grant the motion to strike; and (3) deny the motion to file sur-reply brief.

# ANALYSIS

In their original complaint, Plaintiffs Kevin and Gina Despain and Jared Timmons sued Unigard Insurance Company for malicious prosecution. They alleged that Unigard filed a lawsuit falsely accusing them of embezzling from their employer. The employer had made a claim on an embezzlement-protection insurance policy with Unigard, and

Unigard had paid out $200,000 on the claim and then sued Despain and Timmons to recover that sum, alleging that they had stolen paint from the employer.

In that lawsuit, Unigard was represented by the law firm of Blaser, Sorenson, and Oleson. Plaintiffs now seek to add the firm to this lawsuit, claiming that they maliciously prosecuted plaintiffs along with Unigard.

Unigard's lawsuit against the plaintiffs was eventually dismissed by stipulation. In the stipulation the parties agreed that the court could grant plaintiffs' motion for summary judgment because "the plaintiff [Unigard] has failed to provide its counsel with factual information which would raise a genuine, material issue of fact in defense." The case was dismissed with prejudice.

Plaintiffs now seek to add the Blaser firm as a defendant on the ground that counsel knew all along that their client's lawsuit had no merit. Unigard objects, asserting that it is protected by the Litigation Privilege set forth in *Taylor v. McNichols,* 243 P.3d 642 (Id.Sup.Ct. 2010):

> [W]here an attorney is sued by the current or former adversary of his client, as a result of actions or communications that the attorney has taken or made in the course of his representation of his client in the course of litigation, the action is presumed to be barred by the litigation privilege. An exception to this general rule would occur where the plaintiff pleads facts sufficient to show that the attorney has engaged in independent acts, that is to say acts outside the scope of his representation of his client's interests, or has acted solely for his own interests and not his client's.

Idaho's Litigation Privilege has been applied to dismiss a complaint that failed to allege that the attorney being sued acted outside the scope of his representation. *See Kurz v. Zahn,* 585 Fed.Appx. 654 (9th Cir. 2014)(unpublished memorandum decision). Here, the

plaintiffs allege in their proposed Amended Complaint that they were victims of malicious prosecution because the Blaser firm "knew . . . that the allegations [against Despain and Timmons] were false . . . and that there was no evidence to support" the claims. *See Proposed Amended Complaint* at ¶18. The Idaho Supreme Court in *Taylor* cited with approval cases holding that the Litigation Privilege did not apply to claims of malicious conduct by an attorney. *Taylor,* 243 P.3d at 839. Thus, the allegations of the proposed Amended Complaint fall outside the protection of the Litigation Privilege, at least as alleged. Consequently, the proposed Amended Complaint cannot be dismissed – as was the complaint in *Kurz* – for failing to allege claims outside the protection of the Litigation Privilege.

Unigard argues next that the claims against the Blaser firm should be dismissed on the merits because there is no evidence of malicious conduct. But no discovery has been done, and any dismissal at this point would be premature. The Court refuses to treat this issue as one for summary judgment at this early stage in the litigation.

Finally, the Court cannot find that Unigard has shown that it will suffer undue prejudice or that plaintiffs unduly delayed bringing these claims. For all these reasons, the Court will grant the motion to join the Blaser firm.

**Motion to File Sur-reply Brief or to Strike**

Unigard rightly complains that plaintiffs improperly filed an affidavit and declaration with their reply brief and made certain arguments – regarding waiver, a retainer, and discovery improprieties – for the first time in that brief. The Court agrees

and will strike these matters. Because they are stricken, and the Court did not consider them in its decision above, the Court will deny Unigard's request to file a sur-reply brief.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for joinder (docket no. 16) is GRANTED and that the law firm of Blaser, Sorensen & Oleson, Chartered is added as a party defendant.

IT IS FURTHER ORDERED, that the motion to strike or to file a sur-reply brief (docket no. 24) is GRANTED IN PART AND DENIED IN PART. To the extent the motion seeks to strike the material discussed above it is granted. To the extent the motion seeks to file a sur-reply brief, it is denied.

DATED: March 6, 2015

B. Lynn Winmill
Chief Judge
United States District Court