UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH and GINA DESPAIN, husband and wife, and JARED TIMMONS, a single man<br><br>Plaintiffs,<br><br>v.<br><br>UNIGARD INSURANCE COMPANY, and A,B,C,D, and E, individuals, and X, Y, and Z, Corporations<br><br>Defendants. | Case No.  4:14-cv-184-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendant Unigard.  The Court heard oral argument on the motion on March 11, 2015, and took the motion under advisement.  For the reasons explained below, the Court will remand this case to state court under 28 U.S.C. § 1447(e) without ruling on the motion for summary judgment.

## LITIGATION BACKGROUND

This dispute began when plaintiffs Kevin Despain and Jared Timmons were accused of stealing paint from their employer, Kodiak Northwest.  Kodiak fired the plaintiffs and made a claim on an embezzlement-protection insurance policy with

Unigard. Unigard paid out $200,000 on the claim to Kodiak, and then sued Despain and Timmons to recover that sum, alleging that they had stolen paint from the employer.

Unigard's lawsuit against the plaintiffs was eventually dismissed by stipulation. Despain and Timmons then sued Unigard, alleging that they were victims of malicious prosecution. That suit was originally filed in state court and was removed here by Unigard. At the time of removal, the parties were diverse, and jurisdiction was based on diversity.

After the case was removed here, Despain and Timmons sought to join as a defendant the law firm that had represented Unigard – Blaser, Sorenson & Oleson – alleging that they maliciously prosecuted plaintiffs along with Unigard. The Court granted that motion. *See Memorandum Decision (Dkt. No. 44).*

Unigard then filed a motion for summary judgment seeking to dismiss all of plaintiffs' claims as a matter of law. At oral argument on that motion, the parties discussed for the first time their concerns that the joinder of the law firm destroyed diversity because it and the plaintiffs are Idaho residents. The Court requested further briefing that it has now received. In that briefing, the plaintiffs ask the Court to remand the case to state court, while Unigard asks the Court to reconsider its joinder decision.

## ANALYSIS

The Court can find no reason to reconsider its joinder decision. There is no evidence that the plaintiffs sought to add the law firm to destroy diversity or to obtain a remand.

The joinder of the law firm triggers application of 28 U.S.C. § 1447(e), which states as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The leading treatise on federal procedure states that "[i]f the court permits the non-diverse party to be joined, under amended Section 1447(e), the court must remand the case to the state court from which it was removed." 14C, *Federal Practice & Procedure,* § 3739 at p. 790-91 (4th ed. 2009). The Ninth Circuit agrees. *See Yniques v. Cabral,* 985 F.2d 1031, 1035 (9th Cir.1993), *disapproved on other grounds by McDowell v. Calderon,* 197 F.3d 1253, 1255 n. 4 (9th Cir.1999) (requiring remand of a case under § 1447(e) after the district court joined a non-diverse party).

Pursuant to these authorities, the Court will remand this case to state court, and will allow the state court to rule in the first instance on the pending motion for summary judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that this action be REMANDED to the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Minidoka. The Clerk shall take all steps necessary to effectuate that remand, and shall close this case.



DATED: April 16, 2015

B. Lynn Winmill
Chief Judge
United States District Court